UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MATTHEW JONES,

        Plaintiff,

-against-            1:25-CV-460 (LEK/TWD)

SCHENECTADY NEW YORK
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION,

        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

  Plaintiff Matthew Jones ("Plaintiff") filed this action on April 14, 2025, pursuant to 42 U.S.C. § 1331 and 8 U.S.C. § 1401 alleging, inter alia, kidnapping, prostitution, and sex trafficking against Schenectady New York Department of Environmental Conservation. Dkt. No. 1 ("Complaint"). On June 17, 2025, the Honorable Therese W. Dancks, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court dismiss Plaintiff's Complaint. Dkt. No. 5 ("Report and Recommendation"). Plaintiff has filed objections. Dkt. No. 6 ("Objection").

  For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II. BACKGROUND**

  The Court assumes familiarity with Judge Dancks' Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 3–5.

**III.    LEGAL STANDARD**

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party

makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

IV.     **DISCUSSION**

In her Report and Recommendation to this Court, Judge Dancks recommended dismissing Plaintiff's Complaint for three reasons. R. & R. at 5–11. First, Judge Dancks recommended dismissal because Plaintiff's Complaint failed to comply with the Federal Rules of Civil Procedure 8 and 10 as Plaintiff's allegations were "rambling, disjointed, and so 'otherwise unintelligible that its true substance, if any, is well disguised.'" *Id*. at 6 (quoting *Salahuddin v. Cuomo*, 861. F.2d 40, 42 (2d Cir. 1988)); *see* Compl. at 4-7[1]; *see also* Dkt. No. 1-1 ("I was assassinated as USA Constituent, i.e. Ben Franklin on $100.").

Next, Judge Dancks recommended dismissing the Complaint as frivolous because it "lack[ed] any basis in law or fact and sets forth 'no cognizable avenue for relief.'" R. & R. at 7–10 (citing *Georges v. Rathner*, No. 17-CV-1246, 2017 WL 8230677, at *2 (N.D.N.Y. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 1353058 (N.D.N.Y. Mar. 15, 2018). Citing to other courts where Plaintiff has apparently filed actions similar to the instant one, Judge Dancks explained that "as Plaintiff has previously been advised by other district courts, 'criminal statutes do not provide a private cause of action.'" *See* R. & R. at 7–8 (citing *Jones v. USA Dist. Ct. of E. Pennsylvania*, No. CV 25-940, 2025 WL 624260, at *2 (E.D. Pa. Feb. 26, 2025)); *see also Jones v. Trenton New Jersey Police Dep't*, 2024 WL 4124243, at *2–4 (dismissing Plaintiff's complaint because, inter alia, "it is well settled that a plaintiff may not allege criminal statutes in a civil action").

Finally, Judge Dancks recommended dismissing the Complaint based on sovereign immunity grounds. R. & R. at 10–11. Judge Dancks noted that while Plaintiff sued the

---

[1] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

"Schenectady New York Department of Environmental Conservation[,] . . . that entity does not exist." But that even if Plaintiff meant to sue New York State Department of Environmental Conservation, which Judge Dancks noted "has a regional office located in Schenectady, New York," Plaintiff's claims would necessarily fail because "[sovereign immunity] bars suits for damages against states and state agencies absent a state's consent or a valid abrogation of [its] sovereign immunity by an act of Congress." R. & R. at 11 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Judge Dancks concluded that "Plaintiff has not identified any waiver of sovereign immunity that would permit him to bring suit against the State of New York or any of its agencies." *Id*.

Plaintiff filed an objection to Judge Dancks's Report and Recommendation, but, very much like his Complaint, it is difficult to decipher. *Compare* Compl. at 4–5 *with* Obj. 1–44. From what the Court can glean, the objection seems to restate various Federal Rules and statutes but does not specifically address Judge Dancks's recommendations. *See generally* Obj. Given that Plaintiff's filing does not raise a specific objection to Judge Dancks's recommendation, his objection does not trigger *de novo* review, and the Court finds no clear error. *See Wentzel v. Pliler*, No. 21-CV-9245, 2023 WL 5183144, at *2 (S.D.N.Y. Aug. 11, 2023).

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 5, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's complaint, Dkt. No. 1, is **DISMISSED without leave to amend**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 7, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge